IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMES MATTHEW KENNEDY, JR.,<br><br>            Plaintiff<br><br>VS.<br><br>CURTIS JOHNSON, *et al.*,<br><br>            Defendants | NO. 5:04-CV-115 (CWH)<br><br>**PROCEEDINGS UNDER 42 U.S.C. § 1983**<br>**BEFORE THE U. S. MAGISTRATE JUDGE** |

# O R D E R

Plaintiff JAMES MATTHEW KENNEDY, JR., is an inmate in the custody of the State of Georgia. He has sued defendants Warden CURTIS JOHNSON and BRANDON RANDALL[1] alleging that they violated his constitutional rights while he was incarcerated at Wilcox State Prison in Abbeville, Georgia.

Plaintiff avers that defendant Randall on February 25, 2005, subjected him to excessive force and verbal attacks in violation of his Eighth Amendment rights. Specifically, plaintiff alleges that following a disciplinary proceeding, defendant Randall grabbed him by the jumpsuit and told him to shut up. Plaintiff was then taken to an inmate shower and verbally abused. He also claims that defendant Randall hit him in the head with his middle and index fingers while verbally assaulting him. Plaintiff further alleges that defendant Johnson failed to investigate these claims of excessive force.

Before the court is the defendants' **MOTION FOR SUMMARY JUDGMENT**. Tab #26. The motion is supported by a brief and deposition. On May 12, 2005, plaintiff was ordered by the undersigned to respond to the defendants' motion. Tab #31. The plaintiff has filed a response to the defendants' motion. Tabs #32. In entering this order, the undersigned has carefully considered the defendants' motion and all attachments thereto, as well as the plaintiff's response.

---

[1] In his complaint, plaintiff also named Commissioner James Donald as a defendant. Tab #1. Defendant Donald was dismissed from this action on December 13, 2004. Tab #17.

## LEGAL STANDARDS
### A. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

## DISCUSSION
### 1. Respondeat Superior

It is readily apparent to the undersigned that plaintiff is attempting to invoke liability against defendant Johnson based upon the theory of *respondeat superior*. In a properly pled complaint under 42 U.S.C. §1983, a plaintiff must allege that any defendant charged with violating his constitutional rights was either personally involved in violating those rights or that the act or acts complained of was carried out pursuant to an official policy or custom promulgated by the named defendant. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978).

In the case at bar, plaintiff KENNEDY fails to allege any causative link between defendant Johnson and the denial of his constitutional rights; that is, he is seeking to impose liability upon defendant Johnson solely because of his position as Warden at Wilcox State Prison.[3] Nor does the plaintiff contend that this defendant was responsible for any policy designed to deny plaintiff his constitutional rights. Instead, it appears that plaintiff predicates his claims against defendant Johnson solely upon the theory of *respondeat superior*. Such is not permitted under the law. *See Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir. 1985); *see also Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986). Therefore, defendant Johnson is entitled to summary judgment.

---

[2] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

[3] Plaintiff states in his deposition that defendant Johnson should be held liable because he failed to speak with plaintiff directly prior to denying his grievance. Tab #30 at 5.

## 2. Verbal Threats

In any Section 1983 action, the initial question presented to the court is whether the essential elements of a Section 1983 cause of action are present. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). It is essential that the conduct complained of deprive the plaintiff of rights, privileges or immunities guaranteed by the Constitution or laws of the United States. *Id.*

Allegations of verbal abuse and threats do not state a claim of deprivation of rights under 42 U.S.C. §1983. *Stacey v. Ford*, 554 F.Supp. 8, 9 (N.D.Ga.1982); *See also Collins v. Cundy*, 603 F.2d 825 (10th Cir.1979); *Ellinburg v. Lucas*, 518 F.2d 1196 (8th Cir.1975); *Freeman v. Trudell*, 497 F.Supp. 481, 482 (E.D. Mich. 1980); *Boston v. Stanton*, 450 F.Supp. 1049, 1055-56 (W.D.Mo. 1978). Thus, plaintiff's claim does not rise to the level of a constitutional denial or deprivation of rights, privileges or immunities as contemplated by 42 U.S.C. §1983. Therefore, the defendants are entitled to summary judgment on this claim.

## 3. Excessive Force

Plaintiff alleges that he was subjected to excessive force on February 25, 2004, when defendant Randall jabbed him in the head with his middle and index finger while verbally assaulting him.

The Eleventh Circuit has noted that to establish an Eighth Amendment violation a prisoner must prove that his injury was caused by an unnecessary and wanton infliction of pain. In such cases the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Absence of serious injury alone is insufficient to dismiss a prisoner's Eighth Amendment claim. *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996).[4]

---

[2]Analysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible official, and any efforts made to temper the severity of a forceful response. Only *de minimis* uses of force are beyond constitutional recognition. *Id.*

As stated above, in any Section 1983 action, the initial question presented to the court is whether the essential elements of a Section 1983 cause of action are present. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). It is essential that the conduct complained of deprive the plaintiff of rights, privileges or immunities guaranteed by the Constitution or laws of the United States. *Id.*

In the present case, even assuming that defendant Randall forcibly grabbed plaintiff and hit him in the head with his middle and index fingers, plaintiff cannot show that he received anything other than a *de minimis* injury from said conduct. *De minimis* uses of force cannot support a claim of excessive force. *See Shtrich v. Thornton*, 280 F.3d 1295. 1302 (11th Cir. 2002). Therefore, the defendants are entitled to summary judgment on this claim.

Accordingly, defendants' MOTION FOR SUMMARY JUDGMENT (Tab #30) is **GRANTED**.[5]

SO ORDERED, this 14th day of JUNE, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[5]This is a full consent case with the parties consenting for disposition to be made by the United States Magistrate Judge.